<mark>PROB 12C</mark>
<mark>(7/93)</mark>

Report Date: March 18, 2016

# United States District Court

for the

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 21, 2016

SEAN F. MCAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: David B Blocker                           Case Number: 0980 2:06CR00118-RMP-001

Address of Offender:                                        Spokane, Washington 99208

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, U.S. District Judge

Date of Original Sentence: January 22, 2008

Original Offense:     Felon in Possession of a Firearm and Ammunition, 18 U.S.C. § 922(g)(1) and 924

Original Sentence:    Prison 74 months;              Type of Supervision: Supervised Release
                      TSR - 36 months

Asst. U.S. Attorney:  George J. C. Jacobs, III        Date Supervision Commenced: February 11, 2016

Defense Attorney:     Amy Rubin                       Date Supervision Expires: February 10, 2017

## PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance

1 | **Standard Condition # 3**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

**Supporting Evidence**: On March 16, 2016, while present at Alcohol Drug Education Prevention and Treatment (ADEPT), and after being informed that any urinalysis samples provided by him at the testing facility on that date would be invalidated due to his exhibited behaviors, Mr. Blocker was directed by treatment staff to report to U.S. Probation. After Mr. Blocker failed to report in an appropriate time frame, the undersigned officer contacted Mr. Blocker by phone at which time Mr. Blocker indicated that he recently acquired a landscaping job, and that if he reported as previously directed to U.S. Probation he would be terminated due to the amount of combined time that he would have been away from the work site. Mr. Blocker indicated that he could not lose the job. Mr. Blocker, and the undersigned officer, worked to establish a time in which Mr. Blocker could report to U.S. Probation that would not negatively impact his employment, and he agreed to report the following day (March 17, 2016) at 1200 hours during his lunch break.

On March 17, 2016, Mr. Blocker again failed to report as directed. Mr. Blocker was again contacted by the undersigned officer by telephone at which time he stated that he was unable to leave the work site because he was working with cement. When questioned on why he

Prob12C
Re: Blocker, David B
March 18, 2016
Page 2

did not provide notification of this to the undersigned officer, Mr. Blocker stated that he was unable to do so due to the same reason that he was unable to report as directed. Mr. Blocker again contracted with the undersigned officer, this time to report at 2:45p.m. on the same date after he was off work. Mr. Blocker again failed to report as directed, and no effort was made by Mr. Blocker to contact the undersigned officer reference the missed appointment.

2   **Special Condition # 15**: You shall undergo a substance abuse evaluation and, if indicated, enter into and successfully complete an approved substance abuse treatment program, including aftercare. You shall contribute to the cost of treatment according to your ability. You shall allow full reciprocal disclosure between the supervising probation officer and treatment provider.

**Supporting Evidence**: On February 11, 2016, Mr. Blocker reported to U.S. Probation to participate in his intake for his term of supervised release. Mr. Blocker was directed at this time to obtain a chemical dependency assessment. Mr. Blocker was previously scheduled to attend his initial chemical dependency assessment on February 26, 2016, and then rescheduled for March 18, 2016, after he missed his initial appointment. Mr. Blocker has since missed both appointments, and as of the date of this report, he has not called the treatment provider to re-schedule the missed appointment.

3   **Special Condition # 18**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On March 16, 2016, the undersigned officer was contacted by ADEPT staff who indicated that they had received information from two clients at the facility indicating that Mr. Blocker had approached both individuals in an attempt to secure urine from them. When confronted by treatment staff Mr. Blocker denied the behavior; however, during a later phone contact with the undersigned officer, Mr. Blocker stated that he did so because he had used marijuana, and staff at ADEPT had informed him that he was on his "last leg."

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the offender to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   March 18, 2016

s/ Chris Heinen

Chris Heinen
U.S. Probation Officer

**Prob12C**
**Re: Blocker, David B**
**March 18, 2016**
**Page 3**

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

*(signature)*
Signature of Judicial Officer

3/21/2016
Date